IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN SANGRAAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00748-NJR |
| ) | |
| STEPHEN KEIM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

After his release from custody of the Illinois Department of Corrections ("IDOC"), Plaintiff Benjamin Sangraal brought a civil rights action pursuant to 42 U.S.C. § 1983 to complain about numerous constitutional violations that occurred during his incarceration at Centralia Correctional Center ("Centralia") and Pinckneyville Correctional Center ("Pinckneyville"). *See Sangraal v. Flagg, et al.*, No. 16-cv-0550-MJR ("original case"). This case was severed from the original case pursuant to a Memorandum and Order entered by the Court on July 6, 2016. (Doc. 2, instant case). Consistent with the Memorandum and Order, this case will address Plaintiff's claim against the IDOC's head chaplain, Stephen Keim ("Chaplain Keim"), for denying Plaintiff's request for a religiously-motivated kosher diet (Count 23, original case). Plaintiff's severed claim is now subject to preliminary review, along with his motion for leave to proceed *in forma pauperis* ("IFP motion") (Doc. 3).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil action to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff submitted a statement indicating that he lacks sufficient income or assets to

pay the filing fee (*see* Doc. 3). The Court accepts this statement in satisfaction of § 1915(a)(1) and finds that Plaintiff is indigent and unable to pay the filing fee for this action; however, the Court's inquiry does not end there.

Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. A court can deny a qualified plaintiff leave to proceed IFP or dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing an IFP motion, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous or meritless, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

### The Complaint

Plaintiff is a practicing Pagan, who claims that officials at Centralia and Pinckneyville failed to accommodate his religious beliefs (Doc. 1, pp. 48-50). More specifically, Plaintiff asserts that Chaplain Keim denied his request for a religiously-motivated kosher diet at Pinckneyville in 2014 and, in doing so, the chaplain interfered with Plaintiff's religious rights. The allegations offered in support of this claim are set forth on pages 48 through 50 of the complaint (Doc. 1, pp. 48-50, ¶¶ 413-30).

According to these allegations, Plaintiff was transferred to Pinckneyville for disciplinary reasons (Doc. 1, p. 48). The facility allegedly offers no religious accommodations for

Pagan/Wiccan inmates. Plaintiff claims that Pinckneyville is one of several "disciplinary joints" in the IDOC that makes it particularly difficult for inmates to gain approval for religious requests. Plaintiff further maintains that he is entitled to receive a diet that is consistent with his sincerely held religious beliefs and spiritual practices (*id*. at 49).

Plaintiff requires a diet that excludes many of the same "unclean" ingredients that are banned under kosher and halal dietary codes, such as foods containing the blood of dead animals. In addition, Plaintiff excludes foods containing genetically modified organisms from his diet. Finally, under his own interpretation of traditional Pagan religious teachings, Plaintiff is required to consume a "varied, seasonally-based diet" (*id*.).

The IDOC offers four different diets: the standard prison diet, a kosher diet, a vegan diet, and a lacto-ovo vegetarian diet. In addition, one or more special medical diets are offered to inmates who have special medical needs. The kosher diet is the only diet offered by the IDOC that is consistent with Plaintiff's religious beliefs and spiritual practices.

While Plaintiff was incarcerated at Centralia, he was served a standard prison diet. The diet included foods that are considered "unclean" in certain religions, including Plaintiff's religion. Consumption of this diet placed a substantial burden on his religious dietary practices. Even so, he was generally able to set aside the "unclean" foods and supplement the standard prison fare with items purchased from the commissary. After being punished with segregation and demotion to C-grade status, however, Plaintiff's food options were limited. He could no longer supplement his diet and became malnourished. In six months, he lost forty-five pounds. To maintain his physical health, Plaintiff was forced to consume "unclean" foods (*id*. at 50).

Following his transfer to Pinckneyville, Plaintiff immediately requested a kosher diet. But the facility had no chaplain and could not approve his religious dietary request without one.

Plaintiff spoke with dietary officers and members of the health care staff about the issue. No one could offer him assistance.

In protest, Plaintiff went on a hunger strike for three days. The staff at Pinckneyville ignored his protest. They did not document the hunger strike and gave away his meal tray to other inmates.

On July 21, 2014, Plaintiff met with Chaplain Keim to discuss his request for a kosher diet. Plaintiff completed the paperwork necessary to obtain a religious diet. He also explained that he was requesting a kosher diet because it was the only meal package that would accommodate his unique Pagan dietary needs. The chaplain assured Plaintiff that he would begin receiving the kosher diet once the request was processed.

Plaintiff never received a single kosher meal. He asked several dietary supervisors to provide him with information regarding the status of his request. Eventually, Plaintiff learned that Chaplain Keim denied his request for a kosher diet. The chaplain made this decision without seeking any additional information from Plaintiff. The chaplain also failed to provide Plaintiff with a written statement of the reasons for the denial. Chaplain Keim ignored Plaintiff's subsequent written communications on the subject (*id*.). Plaintiff now sues Chaplain Keim for interfering with the free exercise of his religion; he seeks monetary damages against Defendant Keim for denying his request for a kosher diet (*id*. at 61).

## Merits Review Under 28 U.S.C. § 1915(e)(2)(B)

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to reorganize the severed claim in Plaintiff's *pro se* complaint into the following count:

> **COUNT ONE:** Chaplain Keim denied Plaintiff a kosher diet in violation of the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc-1(a)) (Count 23, original case).

A complaint that prison officials infringed on an inmate's religious rights typically includes a claim under the First Amendment Free Exercise Clause, which prohibits prison officials from imposing a substantial burden on the free exercise of religion unless the burden is reasonably related to a legitimate penological interest. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). Such complaints also include a related claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which offers broader protections than the First Amendment. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). RLUIPA applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc-5(4). It offers broad protection to institutionalized persons by prohibiting substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." § 2000cc-5(7)(A).

Plaintiff's RLUIPA claim goes nowhere and shall be dismissed. Plaintiff seeks only monetary relief against Chaplain Keim (Doc. 1, p. 61). His claim for money damages against this defendant in his official capacity is barred by the state's sovereign immunity. *Grayson*, 666 F.3d at 451 (citing *Sossamon v. Texas*, 563 U.S. 277, 284 (2011); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)). Further, RLUIPA "does not create a cause of action against state employees in their personal capacity," thus barring the individual capacity claim for money damages against Chaplain Keim. *Id*. (citing *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009)). Finally, Plaintiff does not seek injunctive relief in connection with this claim, and injunctive relief is the only possible remedy. *See id*. That portion of Count One encompassing the RLUIPA claim shall

be dismissed without prejudice.

This leaves Plaintiff with a personal capacity claim for money damages under the First Amendment against Chaplain Keim, and this claim shall receive further review. The allegations suggest that this individual personally participated in the deprivation of Plaintiff's rights under the First Amendment by denying his request for a kosher diet. Accordingly, that portion of Count One addressing the First Amendment claim shall proceed against Defendant Keim in his individual capacity.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint survives review under 28 U.S.C. § 1915(e)(2). His sworn IFP motion establishes that he is indigent. Nothing indicates that this action is frivolous or malicious. Defendant is a state actor and is not immune from relief. At this point, the Court cannot conclude that Plaintiff's action fails to state any claim upon which relief may be granted. Specifically, the First Amendment claim in Count One is subject to further review against Defendant Stephen Keim in his individual capacity.

**IT IS FURTHER ORDERED** that the RLUIPA claim in Count One is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. All official capacity claims in Count One are **DISMISSED without prejudice** for the same reason.

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any filing fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying a filing fee at all (*See* § 1915(d)).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **STEPHEN KEIM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Keim cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States

Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** August 5, 2016

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**United States District Judge**